# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : | Master File No. 12-md-02311 |
| | : | Case No. 12-cv-00102 |
| | | Case No. 12-cv-00202 |
| PRODUCT(S): | : : | Case No. 12-cv-00302 Case No. 12-cv-00602 |
| | : | Case No. 13-cv-00702 |
| AUTOMOTIVE WIRE HARNESSES; | : | Case No. 13-cv-01002 |
| INSTRUMENT PANEL CLUSTERS; | : | Case No. 13-cv-01102 |
| FUEL SENDERS; OCCUPANT | : | Case No. 13-cv-01302 |
| SAFETY RESTRAINT SYSTEMS; | : | Case No. 13-cv-01402 |
| SWITCHES; STEERING ANGLE | : | Case No. 13-cv-01502 |
| SENSORS; HID BALLASTS, | | Case No. 13-cv-01602 |
| ALTERNATORS, STARTERS, | | Case No. 13-cv-01702 |
| IGNITION COILS, MOTOR | | Case No. 13-cv-01802 |
| GENERATORS, INVERTERS, AIR | | Case No. 13-cv-02002 |
| FLOW METERS, FUEL INJECTION | | Case No. 13-cv-02202 |
| SYSTEMS, VALVE TIMING | | Case No. 13-cv-02402 |
| CONTROL DEVICES, ELECTRONIC | | Case No. 13-cv-02502 |
| THROTTLE BODIES, RADIATORS, | | Case No. 13-cv-02602 |
| and ATF WARMERS | | |

| | : | |
|---|---|---|
| This Document Relates to: | : | Hon. Marianne O. Battani |
| | : | |
| ALL DEALERSHIP ACTIONS | : | |

**Order Authorizing Dissemination of Class Notice and Scheduling Hearing for Final Approval of Settlements and Application For Interim Expenses, <u>Attorneys' Fees, and Service Awards</u>**

These matters came before the Court on the Dealership Plaintiffs' Motion To Authorize Dissemination of Class Notice and To Schedule Hearing for Final Approval of Settlements and Application for Interim Expenses, Attorneys' Fees, and Service Awards.

1

WHEREAS, the Court has previously entered the following orders granting preliminary approval to settlements (the "Settlements") entered into between the Dealership Plaintiffs and the following entities:

1. Nippon Seiki Company Ltd., Case No. 12-cv-00202, ECF No. 79 (Feb. 18, 2014);

2. Lear Corporation [Case No. 12-cv-00102, ECF No. 178] (July 8, 2014);

3. Kyungshin-Lear Sales and Engineering, LLC [Case No. Case No. 12-cv-00102, ECF No. 178] (July 8, 2014);

4. Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., and Autoliv Japan Ltd. [Case No. 12-cv-00602, ECF No. 73];

5. Yazaki Corporation and Yazaki North America, Incorporated [Case No. 12-cv-00102, ECF No. 212; Case No. 12-cv-00202, ECF No. 112; and Case No. 12-cv-00302, ECF No. 127] (Oct. 10, 2014);

6. TRW Automobile Holdings Corp. (now known as ZF TRW Automotive Holdings Corp.) and TRW Deutschland Holding GmbH [Case No. 12-cv-00602, ECF No. 80] (Oct. 10, 2014);

7. Panasonic Corporation and Panasonic Corporation of North America, [Case No. 13-cv-01302, Case No. 13-cv-01602, Case No. 13-cv-01702; ECF No. 116] (April 10, 2015);

8. Hitachi Automotive Systems, Ltd., [Case No. 13-cv-002002, Case No. 13-cv-00702, Case No. 13-cv-01102, Case No. 13-cv-01402, Case No. 13-cv-01502, Case No. 13-cv-01802, Case No. 13-cv-02002, Case No. 13-cv-02202, Case No. 13-cv-02502, Case No. 13-cv-02602; ECF No. 21] (April 19, 2015);

9. T.RAD Co. Ltd. and T.RAD North America, Inc. [Case No. 13-cv-01002, Case No. 13-cv-02402; ECF No. XX] (XXXX, 2015) ("the T.RAD Settlement"); and

10. Fujikura Ltd. and Fujikura Automotive America LLC [Case No. 12-cv-00102; ECF No. XX] (XXXXX, 2015) ("the Fujikura Settlement"); and

2

The Court, having reviewed the motion, its supporting memorandum, and the supporting declarations and papers, hereby **ORDERS**:

### Notice To Potential Class Members

1. The Court approves the notice plan and the form and content of the settlement notices proposed in the motion presently before the Court.

2. For purposes of this Order, the term "Settlement Classes" shall mean the classes of persons and entities the Court provisionally certified for settlement purposes in the preliminary approval orders referenced above.

3. The Dealership Plaintiffs have presented a plan to provide notice to the potential members of the Settlement Classes of the settlement terms and the various options the potential members have, including, among other things, to opt out of the Settlements, be represented by counsel of their choosing, to object to the Settlements, and to participate as a claimant in the Settlements.

4. The notice plan proposed by the Dealership Plaintiffs is the best practicable under the circumstances and complies with Federal Rule of Civil Procedure 23. In addition, the Court finds that the proposed notice to class members provides sufficient detail about the Settlements, so that it is appropriate to carry out the notice plan to allow the members of the Settlement Classes to consider and react to the Settlements.

5. The Dealership Plaintiffs have engaged Gilardi & Co. ("Gilardi"), an experienced class action notice consultant, to design a notice plan and to assist in drafting of the notices. The Court has reviewed Gilardi's qualifications and accepts its appointment as the Dealership Plaintiffs' notice consultant for the Settlements.

6. Gilardi has proposed a notice plan that will provide notice to the potential members of the Settlement Classes consistent with Rule 23 and federal due process requirements.

7. The notice plan detailed in the Declaration of Alan Vasquez provides the best notice practicable under the circumstances and complies with due process requirements because it provides sufficient notice of: (a) the Settlements and their terms, (b) the right to opt out or object, and (c) the final approval hearing to dealerships who indirectly purchased for resale certain component parts and/or vehicles containing these parts and purchased such vehicles or parts in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and/or Wisconsin (the "Included States") and who are therefore entitled to receive such notice as potential members of the Rule 23(b)(3) Settlement Classes.

8. The purpose of notice in a class action is to "afford members of the class due-process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)).

9. Where names and addresses of known or potential class members are reasonably available, direct notice should be provided. *See, e.g., Eisen*, 417 U.S. at 175-76; *Manual for Complex Litigation* § 21.311, at 292 (4th ed. 2004). The notice plan here includes

direct postal and email notice to known, potential members of the Settlement Classes in the Included States who have the right to be excluded from the Settlement Classes and who may be entitled to share in the settlement proceeds. *Roberts v. Shermeta, Adams & VonAllmen, P.C.*, No.1:13-cv-1241, 2015 WL 1401352 (W.D. Mich. March 26, 2015).

10. The "best notice practicable" does not mean actual notice, nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992); *Manual for Complex Litigation* § 21.311, at 288 (4th ed. 2004).

11. Where all class members cannot be identified for purposes of sending individual notice, notice by publication may also be sufficient. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004); *Kaufman v. Am. Express Travel Related Servs. Co. Inc.*, 264 F.R.D. 438, 445-46 (N.D. Ill. 2009); *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 107 (S.D.N.Y. 2007).

12. Dealership Plaintiffs propose a notice plan that will include direct postal mail and email notice to known new car dealerships in the Included States; published notice in leading publications designed to target new car dealerships nationwide; online media efforts through outlets like Facebook and Twitter; and earned media efforts through a national press release and a settlement web site. Postal notice will be sent to approximately 20,000 addresses and email notice will be sent to approximately 192,000 addresses associated with new car dealerships in the Included States.

13. The notice plan's multi faceted approach to providing notice to potential members of the Settlement Classes whose identity is not known to the settling parties constitutes "the best notice that is practicable under the circumstances" consistent with Rule 23(c)(2)(B). *See, e.g., In re Holocaust Victims Assets Litig.*, 105 F. Supp. 2d 139, 144 (E.D. N.Y. 2000) (approving plan involving direct-mail, published notice, press releases and earned media, Internet and other means of notice). According to Gilardi, the notice plan will "reach" more than 95 percent of potential class members and this is more than adequate reach for due process requirements. The Court concludes that the proposed notice plan should be implemented and carried out.

14. The Court also approves the content of the proposed notices. The content of the notice for a Rule 23(b)(3) settlement class "must clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

15. The Court has reviewed the proposed notices and concludes that they provided the information required by Rule 23 and are drafted in a manner to clearly and concisely state the details of the Settlements in plain, easily understood language.

16. Within 10 days after the date of the entry of this Order ("the Notice Date"), Interim Class Counsel for the Dealership Plaintiffs (through its notice consultants) shall

cause copies of a Postal Notice substantially in the form attached hereto as Exhibit 1 to begin to be mailed by First Class Mail, postage prepaid, to each potential Settlement Class member in the Included States whose postal mailing address is reasonably known.

17. Within 10 days after the date of the entry of this Order, Interim Class Counsel for the Dealership Plaintiffs shall cause copies of an Email Notice substantially in the form attached hereto as Exhibit 2 to be transmitted by electronic mail to the available email addresses associated with dealers in the Included States.

18. As soon as practicable after the Notice Date, Interim Class Counsel for the Dealership Plaintiffs shall cause to be published a Publication Notice, substantially in the form attached hereto as Exhibit 2. The Publication Notice will be published in: (1) *Ward's AutoWorld*, (2) *Automotive News*, and (3) *Auto Dealer Monthly*. If timely publication in one or more of the listed publications becomes impracticable after the issuance of this Order, appropriate changes to the publications or schedule may be made in consultation with Gilardi.

19. On or before the Notice Date, Interim Class Counsel for the Dealership Plaintiffs shall establish the following website (the "Settlement Website"): www.AutoDealerSettlement.com. On or before the Notice Date, the Settlement Website shall identify the substance of each of the Settlements and the definitions of each Settlement Class, and shall make available each of the settlement agreements and the notices provided to potential class members.

20. In advance of the deadline for Settlement Class Members to opt out or object to the Settlements, Interim Class Counsel for the Dealership Plaintiffs will post to the

Settlement Website available information about the Plans of Allocation for which the Dealership Plaintiffs will seek Court approval.

21. The expenses related to the printing, mailing, and publishing of all notices required by this Order shall be paid from the Settlements. The reasonable costs of Gilardi's assistance shall also be paid from the Settlements. Interim Class Counsel for the Dealership Plaintiffs are authorized to make these disbursements from the Settlements.

22. Prior to the final approval hearing, Interim Class Counsel for the Dealership Plaintiffs shall serve and file a declaration attesting to compliance with the provisions of this Order.

## Opt-Out Procedure

23. Notice to Rule 23(b)(3) settlement class members must clearly and concisely state the nature of the lawsuits and their claims and defenses, the classes certified, the settlement class member's right to appear through an attorney or opt out of any one or more of the settlement classes, the time and manner for opting out, and the binding effect of a class judgment on members of the settlement classes. Fed. R. Civ. P. 23(c)(2)(B).

24. Compliance with Rule 23's notice requirements also satisfies due process requirements. "The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment." *In re Prudential Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3rd Cir. 1998).

25. The proposed notices and explanation of the process to opt out of the Rule 23(b)(3) Settlement Classes meet due-process requirements. The proposed notices explain

8

the actions, who is included in the Settlements, and the right to opt out, object, or appear through an attorney. The notices also describe the time and manner for opting out and declining to participate in or be bound by the Settlements for the members of the Rule 23(b)(3) Settlement Classes.

26. Prospective members of the Settlement Classes can readily determine whether they are likely to be class members, since membership is based on being an automobile dealership that indirectly purchased for resale the relevant component parts and/or vehicles containing these component parts during the respective class periods. The Settlement Class definitions, a list of the Defendants and their alleged co-conspirators, and a list of the parts at issue in the Settlements, are set forth in the Postal Notice and will be available on the Settlement Website. Whether a dealership is included in one or more of the Settlement Classes is ascertainable.

27. The notice plan advises members of the Settlement Classes who indirectly purchased for resale certain component parts and/or vehicles containing those parts, and made such purchases in the Included States, of their option to opt out of one or more of the Settlements and pursue claims individually, if they wish. Such Settlement Class Members, who are potentially entitled to share in the proceeds of the Settlements, may seek to be excluded from one of the Settlements by sending a letter requesting that their dealership be excluded. The exclusion/opt out request must clearly state: (1) the Settlement Class Member's name, address, and telephone number; (2) all trade names or business names and addresses that the Settlement Class Member has used as a dealership; (3) a signed statement identifying the Settlement Class[es] from which the Settlement Class Member requests to be

9

excluded; and (4) the dealer number for each manufacturer for which the dealer was authorized to sell vehicles. The completed letter requesting exclusion shall bear the signature(s) of a person or entity having the legal power or authority to bind the car dealership in its decision to opt out. An opt-out or request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

28. A Settlement Class Member who is eligible to opt-out of the Settlements, and who wishes to opt-out, must send a letter requesting exclusion, postmarked by October 30, 2015, to the following address:

> Auto Dealer Settlement Exclusions
> P.O. Box 6002
> Larkspur, CA 94977-6002

29. Except for those members of the Settlement Classes who indirectly purchased for resale the relevant component parts and/or vehicles containing these component parts in the Included States and who filed a timely and proper opt-out, all other dealerships will be deemed Settlement Class members under the Settlements.

30. All members of the Settlement Classes shall be bound by the Settlements and by all subsequent proceedings, orders, and judgments in this MDL litigation for the cases in which the member remained in the Settlement Class. Any Settlement Class member who properly opts-out of one or more of the Settlements shall not be entitled to relief under, or be affected by, the Settlements from which they opted-out.

31. Potential Settlement Class members who elect to opt-out may later withdraw their opt-out, but only if they accept the terms of the Settlements.

32. Interim Class Counsel for the Dealership Plaintiffs may contact automobile dealerships who file an opt-out and may challenge the timeliness and validity of any opt-out request, as well as the right to effect the withdrawal of any opt-out filed in error and any exclusion which that Settlement Class member wishes to withdraw for purposes of participating in the Settlements. The Court shall determine whether any contested opt-out is valid.

33. The notice plan advises Rule 23(b)(3) Settlement Class members in the Included States of the option to exclude themselves from the Settlements and pursue their claims individually and provides sufficient time to exercise this right. Notice periods for opting out are "almost wholly an exercise in the Court's discretion." *In re Potash Antit. Litig.*, 161 F.R.D. 411, 413, n.4 (D. Minn. 1995). The approximately 60-day opt-out period provided relative to the Settlements is reasonable. *Fidel*, 534 F.3d at 513-15 (6th Cir. 2008) (affirming 46-day opt-out period and recognizing that publication notice and notice provided to brokerage houses on behalf of stockholders satisfies due process).

34. Federal courts will approve opt-out periods in which the deadline to opt out is approximately 30 days. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993) (affirming 31-day opt-out period pursuant to dual notice plan, even though one-third of the class members received untimely notice); *DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (affirming 32-day opt-out period and noting that "[f]or due process purposes, rather than looking at actual notice rates, our precedent focuses upon whether the district court gave 'the best notice practicable under the circumstance'");

11

*In re OCA, Inc. Sec. & Deriv. Litig.*, Civ. A. No. 06-2165, 2008 WL 4681369, at *16 (E.D. La. Oct. 17, 2008) (approving 39-day opt-out period).

## Objections to the Settlements

35.     A member of a Settlement Class may object to one or more of the Settlements in which they are a member. To exercise this right, a Settlement Class member must provide a letter with a written notice of objection. The letter must specifically state to which of the Settlements the member objects and provide all trade names or business names that the Settlement Class member has used for the dealership that is making the objection. The letter must also state the objecting Settlement Class member's name, address, telephone numbers, the dealer number for each manufacturer for which the dealer was authorized to sell new vehicles, and the Settlement Class member's reasons for objecting to the settlement. The objection must bear the signature(s) of a person or entity having the legal power or authority to bind the car dealership in making the objection.

36.     To be considered, each objection letter must state the exact nature of the objection, the facts underlying the objection, and whether or not the objector or its counsel intends to appear at the final approval hearing. The objector must also provide a copy of any documents which the objector wants to use, reference, or rely upon at the final approval hearing. If the objector is represented by counsel, the objection shall also be signed by the attorney who represents the objector.

37.     Any attorney representing a Settlement Class member in relation to objecting to one of the Settlements shall file with the Clerk of Court and serve Interim Class Counsel for the Dealership Plaintiffs, a notice of appearance, not later than October 30, 2015.

38.  All objection letters must be postmarked by October 30, 2015 and must be mailed to each of these addresses:

> Clerk's Office
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd., Room 564
> Detroit, MI 48226
>
> Auto Dealer Settlement Objections
> P.O. Box 6002
> Larkspur, CA 94977-6002

39.  A dealer who objects to any of the Settlements shall respond to requests for information from the settling parties. The Dealership Plaintiffs and the settling Defendants may issue written discovery requests and may conduct the deposition of the objecting party to determine, among other things, whether the objecting party is a member of one of the Settlement Classes and to ascertain the nature of the objection.

40.  No automobile dealer shall be entitled to contest the approval of the terms and conditions of the Settlements or the final orders and judgments requested thereon except by filing and serving written objections in accordance with the provisions of this Order.

41.  Any member of the Settlement Classes who does not submit a timely, written objection in compliance with all of the procedures set forth in this Order shall be deemed to and shall have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in these Settlements, which will be preclusive in all pending or future lawsuits or other proceedings.

## The Final Approval Hearing

42. A final approval hearing will be held on November 18, 2015 at 2:30 p.m., before the undersigned in Courtroom 272, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan, to consider the fairness, reasonableness, and adequacy of the Settlements, and the request for interim attorneys' fees, litigation expenses, and class representative service awards.

43. All papers in support of the request for attorneys' fees, past litigation expenses, the establishment of a future expense fund, and class representative service awards, shall be filed by October 15, 2015.

44. All papers in support of final approval of the Settlements shall be filed at least seven days before the final approval hearing.

45. The date of the final approval hearing shall be set forth in the Postal Notice, Email Notice, Publication Notice and Settlement Website.

46. Counsel for any of the settling Defendants and Interim Class Counsel for the Dealership Plaintiffs shall promptly furnish each other with copies of any objections to the Settlements that come into their possession.

47. The Court retains jurisdiction for purposes of implementing the Settlements, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlements as may from time to time be appropriate, and to resolve any and all disputes arising thereunder or in connection therewith.

48. If any provision of this Order conflicts with a provision of any of the preliminary approval orders referenced herein, the provisions of this Order shall govern.

**IT IS SO ORDERED**.

Date: September 23, 2015        s/Marianne O. Battani
                                                     MARIANNE O. BATTANI
                                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 23, 2015.

                                                                              s/ Kay Doaks
                                                                              Case Manager