**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Hon. Marianne O. Battani |
| IN RE: SWITCHES IN RE: STEERING ANGLE SENSORS IN RE: HID BALLASTS | 2:13-cv-01302-MOB-MKM 2:13-cv-01602-MOB-MKM 2:13-cv-01702-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL AUTOMOBILE DEALER ACTIONS | |

**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN**
**AUTOMOBILE DEALERS AND PANASONIC AND**
**ENTERING DISMISSAL WITH PREJUDICE AS TO PANASONIC**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Automobile Dealer Plaintiffs ("Plaintiffs") and Defendants Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic") set forth in the Settlement Agreement ("Agreement"), dated February 25, 2015, relating to the above-captioned actions (collectively, the "Litigation"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlements should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of these cases on the merits as to the parties to the Agreement. Good cause appearing therefore, it is:

1

2:13-cv-01302-MOB   Doc # 77   Filed 12/07/15   Pg 2 of 4   Pg ID 2009

**ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Court has jurisdiction over the subject matter of this Litigation, and all actions within this Litigation and over the parties to the Agreement, including all members of the Switches Settlement Class, the Steering Angle Sensors Settlement Class, and the HID Ballasts Settlement Class (collectively, the "Settlement Classes").

2.     The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

3.     The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Federal Rule of Civil Procedure ("Rule") 23.

4.     Pursuant to Rule 23(g), Class Counsel, previously appointed by the Court (Mantese Honigman, P.C., Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King, LLP), are appointed as Counsel for the Settlement Classes. These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

5.     The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Panasonic, with Plaintiffs and Panasonic to bear their own costs and attorneys' fees except as provided herein.

6.     All persons and entities who are Releasors or who purport to assert claims on behalf of Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the Panasonic Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

7.    The Panasonic Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8.    Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

9.    The notice given to the Settlement Classes of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

10.   No person or entity has requested exclusion from any of the Settlement Classes.

11.   Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any application for incentive awards for the Automobile Dealer Plaintiffs; and (e) the distribution of the settlement proceeds or additional notice to members of the Settlement Classes.

12.   In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Order and Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection

therewith shall be null and void and the parities shall be returned to their respective positions ex ante.

13.  The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreements.

14.  The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Panasonic, to contest certification of any other class proposed in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.  No party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority in support of any motion to certify any class.

15.  Accordingly, the Clerk is hereby directed to enter Judgment forthwith

Date:   November 19, 2015                    s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 7, 2015.

                                             s/ Kay Doaks
                                             Case Manager