# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Hon. Marianne O. Battani |
| In re: Heater Control Panels<br>In re: Occupant Safety Restraint Systems<br>In re: Switches<br>In re: Steering Angle Sensors | Case No. 2:12-cv-00402<br>Case No. 2:12-cv-00602<br>Case No. 2:13-cv-01302<br>Case No. 2:13-cv-01602 |
| THIS DOCUMENT RELATES TO:<br><br>Automobile Dealership Actions | |

## ORDER GRANTING DEALERSHIP PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOKAI RIKA PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS

Upon consideration of Automobile Dealer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a/ Tokai Rika U.S.A. Inc. (collectively, "TOKAI RIKA" or "TOKAI RIKA Defendants") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

### Preliminary Approval of Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at

1

arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

## Class Certification

3. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

"Heater Control Panels Settlement Class" is defined as:

All Automobile Dealerships that, from January 1, 2000 through March 29, 2018, (i) indirectly purchased Heater Control Panel(s) manufactured or sold by a Defendant or any current or former subsidiary or affiliate thereof or any co-conspirator of a Defendant, or (ii) purchased Vehicles for resale that contained Heater Control Panel(s) as a component part, or indirectly purchased one or more Heater Control Panel(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any coconspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities.

"Occupant Safety Restraint Systems Class" is defined as:

All Automobile Dealerships that, from January 1, 2003 through March 29, 2018, (i) indirectly purchased Occupant Safety Restraint Systems manufactured or sold by a Defendant or any current or former subsidiary or affiliate thereof, or any coconspirator of a Defendant, or (ii) purchased Vehicles for resale that contained one or more Occupant Safety Restraint System(s) as a component part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities.

"Switches Class" is defined as:

All Automobile Dealerships that, from January 1, 2000 through March 29, 2018, (i) indirectly purchased Switches manufactured or sold by a Defendant or any co-conspirator of a Defendant, or (ii) purchased Vehicles for resale, which included one or more Switch(es) as a component part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator

of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities.

"Steering Angle Sensors Class" is defined as:

All Automobile Dealerships that, from September 1, 2000 through March 29, 2018, (i) indirectly purchased Steering Angle Sensor(s) manufactured or sold by a Defendant, or any current or former subsidiary or affiliate thereof, or any coconspirator of a Defendant, or (ii) purchased Vehicles for resale, which included one or more Steering Angle Sensor(s) as a component part, or indirectly purchased one or more Steering Angle Sensor(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities.

4. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) Dealership Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) Dealership Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that Dealership Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of these actions on a class basis is superior to other means of resolving the matters.

## Appointment of Settlement Class Counsel

5. The Court hereby appoints Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King, LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

6. Each Dealership Plaintiff class representative named in the most current Complaint in the above cases will serve as Dealership Plaintiff class representative on behalf of the Settlement Class.

### Notice to Potential Class Members

7. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to potential class members affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by Dealership Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

8. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

### Other Provisions

9. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Dealership Plaintiffs, TOKAI RIKA, and the members of the Settlement Classes.

10. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including TOKAI RIKA, to contest certification of any other class proposed in these coordinated actions within 12-md-002311. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the coordinated actions within 12-md-002311 or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes

as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

12. The litigation against Releasees (as defined in the Settlement Agreement with TOKAI RIKA), in particular Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a/ Tokai Rika U.S.A. Inc. is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date:   March 7, 2019               s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 7, 2019.

                                    s/ Kay Doaks
                                    Case Manager